STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-374

ANTHONY J. SINENI, III, ESQ.,
Plaintiff

v.

CUMBERLAND COUNTY SHERIFF'S OFFICE
Defendant

STATE OF MAINE
Cumberland, SS Clerk's Office
SEP 27 2016
RECEIVED

COMPLAINT

**NOW COMES**, Plaintiff, Anthony J. Sineni, III, and complains against Defendant, as follows:

INTRODUCTION

On or about September 27, 2016, Plaintiff was under arrest and held illegally based upon an arrest warrant that was obtained by intentionally and recklessly including and omitting material facts known to the law enforcement officers who obtained the arrest warrant. Detective John Fournier of the Cumberland County Sheriff's Department in conjunction with other Sheriff's department personnel obtained an arrest warrant by providing false and misleading information while also intentionally and recklessly omitting essential information known to law enforcement. Once Plaintiff was arrested he was transported to Cumberland County Jail. After Plaintiff was booked a bail commissioner arrived at the Jail, Plaintiff's bail was predetermined by the Court, and a third party was there with the required amount of money Plaintiff's bail was set at. Detective Jill Potvin of the Cumberland County Sheriff's Department was on the phone, with the front desk personnel, and ordered that the Bail Commissioner be turned away and not

allowed Plaintiff's bail to be accepted by the Commissioner at that time. Detective Potvin had the Commissioner turned away because Detective Potvin wanted to continue asking Plaintiff where one of his children was located. Due to Detective Potvin's actions the Commissioner was not allowed to screen Plaintiff, and Plaintiff was held in Cumberland County Jail for an extra six to eight hours, waiting on the bail commissioner to return to screen him, and accept the bail funds. Once the bail commissioner returned, the commissioner accepted the bail funds for Plaintiff and Plaintiff left Cumberland County Jail at that time. Detective Jill Potvin worked in coordination with an unreliable witness who was suffering from severe alcoholism and mental illness in an effort to remove the Plaintiff's children from his custody as part of an intentional an malicious plan.

**PARTIES**

1. Plaintiff, Anthony J. Sineni, III, is a natural person, residing in the City of Portland, County of Cumberland, and State of Maine, with an address of 701 Congress Street, Portland, Maine 04101.

2. Defendant Cumberland County Sheriff's Department is a Department within the County of Cumberland, and subject to oversight by the Cumberland County Commissioners.

3. Jill Potvin is a Detective for the Cumberland County Sheriff's Office and a Deputy and/or Detective in 2014 and was directly responsible for the false imprisonment of Plaintiff.

4. John Fournier is a Detective for the Cumberland County Sheriff's Office and a Deputy and/or Detective in 2014 and was directly responsible for the false imprisonment of Plaintiff the malicious prosecution of the Plaintiff and the violation of the Plaintiff's civil rights.

5. Defendant, Cumberland County Sheriff's Department is responsible for the actions of its employees when working to further their employer's needs, and while working within the scope of their employment. When an employee commits a civil wrong against a third party, the employer is liable for the acts of the employee when those acts are committed within the scope of the relationship.

## ALLEGATIONS

### Count 1
### Malicious Prosecution

6. Plaintiff, Anthony J. Sineni, III, re-states and re-alleges the facts in paragraphs 1-5 above as if fully set forth herein.

7. On or around September 26, 2014, Defendants falsely obtained a search and arrest warrant for Plaintiff, based on intentional omissions, misstatements of material facts, and malicious allegations.

8. On or around September 27, 2014, Defendant John Fournier obtained an arrest warrant and arrested Plaintiff with the arrest warrant obtained through intentional and or reckless omissions of fact.

9. Plaintiff was transported and held at Cumberland County Jail due to the maliciously and or recklessly obtained arrest warrant.

10. The Cumberland County Sheriff's Department continued to prosecute allegations, launched against Plaintiff.

11. The Cumberland County Sheriff's Department utilized in most part, the information provided by the Plaintiff's severely alcoholic, mentally ill, ex-girlfriend who was known to provide false information to the Cumberland County Sheriff's Department.

12. The Cumberland County Sheriff's Department instituted the criminal investigation and continued to seek the filing of a criminal complaint against Plaintiff based on false allegations and with no evidence to sustain the allegations.

13. The Cumberland County Sheriff's Department lacked probable cause to secure the search and arrest warrants, as both were secured without sufficient justification.

14. The search and arrest warrants were procured by passion, prejudice, and bias against Plaintiff.

15. The Defendants brought the criminal investigation and continued their investigation against Plaintiff with no probable cause, all in an effort to take his children away from him, his home away from him, for the benefit of his ex-girlfriend, due to law enforcement's bias of Plaintiff, who is a well-known defense attorney.

16. The Defendants did not have any evidence that would substantiate their belief that Plaintiff was guilty of any charges.

17. The charges against Plaintiff were eventually dismissed.

**Count 2**
**False Imprisonment**

18. Plaintiff, Anthony J. Sineni, III, re-states and re-alleges the facts in paragraphs 1-17 above as if fully set forth herein.

19. On or about September 27, 2016, Defendants arrested Plaintiff based upon a falsely obtained arrest warrant.

20. Detective John Fournier of the Cumberland County Sheriff's Department placed Plaintiff under arrest due to a warrant that was secured by Department personnel which provided intentionally and recklessly false and misleading information.

21. Once Plaintiff was arrested he was transported to Cumberland County Jail, where he was confined therein.

22. After Plaintiff was booked a bail commissioner arrived at the Jail, to screen the newest arrivals and to process the paperwork and take into the State's possession the predetermined amount of bail for the Plaintiff.

23. An individual had been waiting for hours at the jail to post the bail for the Plaintiff.

24. Detective Jill Potvin of the Cumberland County Sheriff's Department was on the phone, with the front desk personnel, and ordered that the Bail Commissioner be turned away and not allowed to accept Plaintiff's bail funds at that time.

25. Plaintiff was confined due to Jill Potvin's actions within the boundaries of the Jail.

26. Detective Potvin had the Commissioner turned away to enable her to continue to ask questions of the Plaintiff.

27. Due to Detective Potvin's actions the Commissioner was not allowed to screen Plaintiff, and he was held in Cumberland County Jail for an extra six to eight hours, waiting on the bail commissioner to return to screen him, and accept the bail amount.

28. Once the bail commissioner returned, the commissioner accepted the funds on Plaintiff and Plaintiff left Cumberland County Jail at that time.

**Count 3**
**Violation of Civil Rights**

29. Plaintiff, Anthony J. Sineni, III, re-states and re-alleges the facts in paragraphs 1-28 above as if fully set forth herein.

30. Detective Jill Potvin, as a Law Enforcement Officer for the County of Cumberland, violated Plaintiff's civil rights when she used the power of law enforcement action, against the Plaintiff to aid a third party that was known to be violating a Protection of Abuse Order, and was known to be a severe alcoholic, who was mentally ill, and who had also been known to provide false information to the Cumberland County Sheriff's Department.

31. Detective Jill Potvin, as a Law Enforcement Officer for the County of Cumberland, violated Plaintiff's civil rights when she attempted to remove Plaintiff's two minor children from his care. Therefore violating his Constitutional right to access his children and decide how to raise his children.

32. Detective Jill Potvin had no justification for her actions, when she infringed upon Plaintiff's Constitutional Right, to direct the raising and upbringing of his own children.

**PRAYER FOR RELIEF**

WHEREFORE, The Plaintiff requests that the Court:

A. Plaintiff is requesting a Jury Trial.

B. Issue a judgment declaring that the actions of the Defendants as described in this complaint are unlawful and constitute an illegal search and seizure of the Plaintiff in

violation of the Fourth Amendment of the Constitution, Article One, Section Six-A of the Maine Constitution and 42 U.S.C. § 1983.

C. Award the Plaintiff compensatory damages for past and future damages including economic loss, emotional and psychological harm in an amount determined to be reasonable.

D. Award Plaintiff punitive damages.

E. Award Plaintiff reasonable attorney's fees and costs.

F. Grant any further relief as the Court considers just and proper.

Dated September 27, 2016

Respectfully Submitted,

Anthony J. Sineni, III, Esq. (7418)
701 Congress St.
Portland, Maine 04102
(207) 772-9053