## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |  |
|---|---|---|
| | ) | Docket No.   2:16-cv-000520-JAW |
| ANTHONY J. SINENI, III, ESQ., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| CUMBERLAND COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant, through counsel, and pursuant to Fed.R.Civ.P. 56(b), moves for summary judgment in its favor.   Filed in connection with this motion is the Defendant's Statement of Material Facts pursuant to Local Rule 56(b).

## MEMORANDUM OF LAW

### I.   INTRODUCTION AND BACKGROUND

The Complaint[1] alleges two state law torts and a claim for deprivation of a constitutionally protected liberty interest arising under the United States Constitution and made actionable by 42 U.S.C. § 1983.   Brief discussion of the structure of Plaintiff's Complaint is useful in determining which alleged facts relate to which of the three individual claims asserted in the Complaint.

---

[1] The operative Complaint in this case is Document 3-1.   The First Amended Complaint (Document No. 10) was stricken by the Court (Document No. 28).   At the Rule 56(h) conference on August 10, 2017, the Plaintiff indicated some confusion or uncertainty as to whether document 3-1 is, in fact, the operative complaint.   Following discussion on the matter, *see Transcript (ECF No. 54), pp. 16-32*, the Court required that the Plaintiff make any filings relative to this issue, including any further motions to amend, on or before August 14, 2017.   *Document No. 53*.   The Plaintiff did not make any such filings. Document 3-1 remains the operative complaint.

In an unnumbered paragraph under the heading "Introduction," the Plaintiff alleges that two employees of the Defendant (Potvin and Fournier) obtained a warrant for Plaintiff's arrest by providing false and misleading information and by intentionally and recklessly omitting other information.   Those allegations relate to the claim for malicious prosecution.   Plaintiff further alleges that upon his arrest, he was transported to the Cumberland County Jail where he was subjected to the booking process and was prepared to pay bail which had been pre-determined by the court.   Here, Plaintiff alleges, Potvin turned away the bail commissioner, who would have accepted Plaintiff's bail money.   According to Plaintiff, this was done so that Potvin could continue to inquire of the Plaintiff as to the whereabouts of one of his children and resulted in his detention for an additional six to eight hours.   Those allegations relate to Plaintiff's claim for false imprisonment.   Finally, in the introductory portion of the Complaint, Plaintiff claims that Potvin "worked in coordination with an unreliable witness who was suffering from severe alcoholism and mental illness in an effort to remove the plaintiff's children from his custody as part of an intentionally malicious plan."  *Plaintiff's Complaint (ECF No. 3-1), p. 2*.   Those allegations relate to the alleged deprivation of his constitutionally protected liberty interests.

In Counts I (malicious prosecution) and II (false imprisonment), the Plaintiff provides additional allegations relative to those claims.   In sum, he contends, without any specificity, that Fournier falsely obtained a search and arrest warrant for the Plaintiff based upon intentional omissions, misstatements of material facts, and malicious allegations.  *Id., ¶¶ 7, 8.*   He contends that the allegations were part of an unjustified criminal investigation which was based on false allegations, lacking probable cause, and the product of "passion, prejudice, and bias against the plaintiff."  *Id, ¶¶ 10-14*.   Although the Plaintiff fails to identify the specific information which

he claimed was falsely included, or that which was intentionally omitted, in connection with the warrants, he concludes that the purpose of the investigation was to "take his children away from him . . . due to law enforcement's bias of plaintiff, who is a well-known defense attorney." *Id.*, ¶ *15*.

Plaintiff further alleges, with only slightly more specificity than he did in the introduction to his Complaint, that Potvin deprived the Plaintiff of his opportunity to be released from jail on the bail which had been pre-set by the court for "an extra six to eight hours." *Id.*, ¶¶ *22-27*.

Apropos the alleged deprivation of his liberty interest, the Plaintiff alleges that Potvin "used the power of law enforcement action" to aid a third party and "to remove plaintiff's two minor children from his care." *Id.*, ¶¶ *30, 31*. These actions, Plaintiff concludes, "infringed upon [his] Constitutional Rights to direct the raising and upbringing of his own children." *Id.*, ¶ *32*.

Understanding the structure of Plaintiff's Complaint is important with respect to a determination of what facts are material for resolution of the instant motion.   As relates to Counts I and II (the state law claims for malicious prosecution and false imprisonment), the Defendant does not tarry on the facts, and the Court likewise need not be concerned with those facts, because those claims are resolved as a matter of law based upon the Plaintiff's failure to comply with the notice requirements for state law tort claims.   The only facts relevant to the disposition of those claims are these:   (1) the Plaintiff failed to file a notice meeting the requirements of the Maine Tort Claims Act, and (2) the County has not procured insurance coverage which would remove the immunity afforded by the Maine Tort Claims Act.

With respect to the facts as they relate to the claim for the alleged liberty deprivation, only slightly more is needed.   Because the Plaintiff has not brought claims against any individuals, but

3

rather has sued only the County, he must raise a genuine fact question regarding the existence of an unconstitutional custom or policy that was the moving force behind the alleged constitutional transgression.  Because there is no evidence that would support a finding that such a policy or custom exists, the isolated actions of Fournier and Potvin as alleged in the Complaint, even if true, are not material.

## II.   FACTS

The following facts are taken from Defendant's Statement of Material Facts in Support of Motion for Summary Judgment.  They are provided here for the purpose of offering context to the reader.

### A.   Facts Relevant to State Law Tort Claims (Counts I and II)

Cumberland County did not receive a notice of claim against the County or any county employee regarding the actions alleged in the Complaint until the County received a copy of the Complaint itself in September of 2016.  *Defendants' Statement of Uncontested Material Facts (DSMF), ¶ 12.*   The only insurance-type coverage provided to Cumberland County was specifically limited to providing coverage for causes of action seeking tort damages for which governmental immunity is expressly waived by the Maine Tort Claims Act.  *DSMF, ¶¶ 8-11.*

### B.   Facts Relevant to the Claim for Alleged Liberty Deprivation (Count III)

Kevin Joyce is the duly-elected Sheriff of Cumberland County and is the sole final decision-maker for all matters involving the operations of the Cumberland County Sheriff's Office. *DSMF ¶¶ 1, 2.*  At no time has Sheriff Joyce ever been aware of occasions where Cumberland County officers have falsified reports for the purpose of obtaining arrest or search warrants. *DSMF ¶ 3.*  Sheriff Joyce is not aware of any occasions when Cumberland County officers have

provided intentionally misleading statements in support of arrest or search warrants.  *DSMF ¶ 4.*  Sheriff Joyce is not aware of any occasions when Cumberland County officers have intentionally or knowingly omitted relevant information from applications in support of arrest or search warrants.  *DSMF ¶ 5.*  Sheriff Joyce is not aware of any occasions, including any complaints, claims, or allegations, that Cumberland County officers have unlawfully interfered with a parent's right to the care and custody of his or her children.  *DSMF ¶ 6.*

A.    Standard of Review

Summary judgment should be granted when the record evidence demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Fed.R.Civ.P. 56(c).*  The moving party bears the burden of demonstrating the lack of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The record is reviewed in the light most favorable to the non-moving party, and that party must be given the benefit of reasonable inferences drawn from properly asserted facts.  *See Nicolo v. Philip Morris, Inc.*, 201 F.3d 29 (1st Cir. 2000).  Summary judgment should be entered "against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322.

B.    Cumberland County is Entitled to Summary Judgment on the State Law Tort Law Claims Set Out in Count I and II of the Complaint.

Plaintiff's Complaint contains two state law tort claims.   These are malicious prosecution (Count I) and false imprisonment (Count II).   These claims are governed by the Maine Tort Claims Act.   Cumberland County is entitled to summary judgment on these claims because the

Plaintiff did not comply with the notice requirements of the MTCA and because Cumberland County is entitled to immunity.

a.   Plaintiff failed to comply with the notice requirement under the Maine Tort Claims Act.

The MTCA requires that:

> Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice . . .

*14 M.R.S. § 8107.*   A failure to comply with the notice provision of the MTCA bars a subsequent claim.   *Cushman*, 652 A.2d at 651-52.   A cause of action for injury by a governmental entity accrues, for purposes of the 180-day filing period for filing a notice, when the Plaintiff suffers a judicially cognizable injury.   *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 4 n.2, 745 A.2d 996.

The allegations in the Complaint deal with a search of Plaintiff's residence on September 26, 2014, and Plaintiff's arrest on September 27, 2014.   *Complaint, ¶¶ 7, 8.*   The charges stemming from this arrest were dismissed in January of 2015.   *DSMF, ¶ 7.*   Plaintiff did not serve a notice of claim within 180 days of the accrual of the injuries alleged in the Complaint.   *DSMF, ¶ 12.*   Therefore, all tort claims alleged in Plaintiff's Complaint should be dismissed.

b.   Defendant Cumberland County is Immune From Suit Under the Maine Tort Claims Act and There Are No Applicable Exceptions to That Immunity.

The MTCA provides, in pertinent part:

> Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages.   When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

*14 M.R.S. § 8103(1).*

Up until the advent of the MTCA in 1977, the common law doctrine of sovereign immunity operated to protect governmental entities from tort claims, with certain exceptions. The MTCA is a statutory reformation of the doctrine of sovereign immunity. The general grant of immunity contained in the MTCA displaced the common law doctrine of sovereign immunity. *Darling v. Augusta Mental Health Inst.,* 535 A.2d 421 (Me. 1987); *Young v. Greater Portland Transit Dist.*, 535 A.2d 417 (Me. 1987). Accordingly, the legal analysis begins with the proposition that Cumberland County, as a governmental entity, is generally immune from suit for state law claims. *Id.*; *14 M.R.S. § 8103(1).*

However, the MTCA provides certain limited exceptions to the general grant of immunity. Those exceptions include (1) the ownership, maintenance and use of vehicles, machinery and equipment, (2) operation and maintenance of public buildings, (3) discharge of pollutants, and (4) construction and repair of roads, streets, and appurtenances thereto. *14 M.R.S. § 8104-A.* The court has consistently held that immunity is the rule, and that liability is the exception. *New Orleans Tanker Corp. v. Dept. of Transportation*, 728 A.2d 673 (Me. 1999). Additionally, the Law Court has repeatedly stated that the individual exceptions are to be narrowly construed. *Maynard v. Commissioner of Corrections*, 681 A.2d 19 (Me. 1996); *Lynch v. Town of Kittery*, 677 A.2d 524 (Me. 1996); *J.R.M. Inc. v. City of Portland*, 669 A.2d 159 (Me. 1995).

None of the four limited exceptions enumerated in § 8104-A are even remotely related to the allegations contained in Plaintiff's Complaint. The allegations have nothing to do with the ownership or maintenance of vehicles or machinery or the operation or maintenance of any public building, there was no discharge of pollutants, and the Plaintiff's damages did not in any way arise

7

out of road repair or construction.  Even if the exceptions were to be construed broadly in favor of imposing liability, none comes close to encompassing the allegations in this case.  Given that the rule of interpretation is one of strict and narrow construction, the allegations in Plaintiff's Complaint fall even further from the mark.

Because the County enjoys general statutory immunity from suit, and because the allegations in Plaintiff's Complaint, even viewed in a light most hospitable to Plaintiff, do not fall within any of the four narrow exceptions to immunity, Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.  Accordingly, Counts I and II against Defendant Cumberland County should be dismissed.

  b.     Cumberland County has Not Waived its Immunity.

Cumberland County is "insured" through the Maine County Commissioners Association Self-Funded Risk Management Pool.  *DSMF, ¶ 9.* The Maine County Commissioners Association Self-Funded Risk Management Pool is a public self-funded pool established pursuant to 30-A M.R.S.A. ch. 117. *DSMF, ¶ 8.* Cumberland County is a Named Member of the Risk Pool and is afforded coverage through the "Coverage Document".  *DSMF, ¶ 9.*

The claim in Plaintiffs' Complaints against Cumberland County is excluded from coverage under the Coverage Document § 3- Casualty Coverage by the following language:

> For all causes of action seeking tort damages pursuant to the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq. Coverage hereunder shall not be deemed a waiver of any immunities or limitations of damages available under the Maine Tort Claims Act, or other Maine statutory law, judicial precedent, or common law.
>
> Coverage is limited to those areas for which governmental immunity has been expressly waived by 14 M.R.S.A. § 8104-A and limited by 14 M.R.S.A. § 8104-B and 14 M.R.S.A. § 8111.

*DSMF, ¶ 10.*

In addition to the exclusions and other affirmative language in the Coverage Document negating coverage for Plaintiff's claim, the Risk Pool has issued to Cumberland County a Member Coverage Certificate covering the period January 1, 2014 - December 31, 2014, which Certificate reiterates the limits of liability for torts and contains the following language limiting coverage as follows:

> Coverage is limited to those areas for which governmental immunity has been expressly waived by 14 M.R.S.A. § 8104-A and limited by 14 M.R.S.A. § 8104-A and 14 M.R.S.A. § 8111 . . . .  Liability coverage shall not be deemed a waiver of any immunities or limitations of damages available under the Maine Tort Claims Act, other Maine statutory law, judicial precedent, or common law.

*DSMF, ¶ 10.*

The County has no insurance coverage for casualty or liability claims other than that provided by the Risk Pool through the Coverage Document.   *DSMF, ¶ 11.*

In sum, the County has obtained insurance-type coverage for tort claims which is expressly and specifically limited to coverage for those torts for which liability is waived by the MTCA and which specifically excludes coverage for any claim for which the County is immune.[2]   For these reasons, 14 M.R.S. § 8116 does not apply here.

---

2  This Court has previously considered the identical coverage, and has concluded that it did not constitute a waiver of immunity.  *Estate of Hampton v. Cumberland County*, 245 F. Supp. 2d 150, 160 (D. Me. 2002); see also *City of Old Town v. Dimoulas*, 2002 ME 133, 803 A.2d 1018.

9

III.   The Defendant is entitled to summary judgment on the municipal liability claim because there is insufficient evidence of a policy, custom or practice which would be the basis for liability under 42 U.S.C. § 1983.

The Plaintiff alleges that his substantive due process rights to care and custody of his children were violated by Cumberland County.[3]   Specifically, he alleges that Detective Jill Potvin, a law enforcement officer employed by Cumberland County, interfered with his right to care and custody of his children by aiding the mother of his children in getting a protection order against him, assisting in obtaining an arrest warrant against him, and was involved in some way in asking that the court include a bail condition that limited his contact with his children. *Plaintiff's Complaint*, ¶¶ 30-31.   The Plaintiff further explained the basis of this claim in his deposition. *Sineni deposition*, pp. 88-92.   The only Defendant in this case is Cumberland County.   He did not sue Detective Potvin.

Section 1983 claims against municipal entities are governed by the unconstitutional policy, practice or custom analysis.   This claim fails because there is no evidence of any unconstitutional policy, custom or practice at the Cumberland County Sheriff's Office to support municipal liability, nor is there any evidence that any policy at the Cumberland County Sheriff's Office caused a violation of Plaintiff's right to the care and custody of his children.

It is well settled that a plaintiff who seeks to impose liability on a municipality under Section 1983 must prove that either official policies, or widespread and pervasive practices and customs, were responsible for the deprivation.   *Connick v. Thompson*, 563 U.S. 51 (2011).   A

---

3 The right at issue in this count is "the interest of parents in the care, custody, and control of their children [which] is . . . a fundamental liberty interest."   *Troxel v. Granville*, 530 U.S. 57, 66 (2000).   This right is not absolute, though. *Carter v. Lindgren*, 502 F.3d 26, 30 (1st Cir. 2007).   "The law recognizes that the protection afforded to the parents' interest must be balanced against other valid interests, particularly the best interests of the child and the interest of society in the maturation of children as future citizens."   *Hatch v. Dep't for Children*, 274 F.3d. 12, 20 (1st Cir. 2001).

plaintiff may prove that an officially promulgated policy is unconstitutional and was the moving force behind the alleged deprivation, or that although not officially adopted, there were widespread and pervasive unconstitutional practices or customs that are attributable to the municipality and that were the moving force behind the alleged deprivation.   *Monell v. Dep't of Soc.Servs. of New York*, 436 U.S. 658, 690-91 (1978).   In order to be liable for an unconstitutional custom or practice that custom or practice must be "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice."   *Bordanaro v. McLeod*, 871 F.2d 1151, 1556 (1st Cir. 1989).   Another requirement in a Section 1983 case seeking to fasten liability on the governmental entity is that the policy, custom or practice or absence of policies must be the "moving force" behind the constitutional violation.   *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Bordanaro*, 871 F.2d at 1156.   "This connection needs to rise above a mere but/for coupling between cause and effect." *Id*. at 1162.

In this case, there is no evidence that there were any unconstitutional policies, customs or practices at Cumberland County that cause unconstitutional interference with a person's right to care and custody of his or her children.   There is no evidence of practices or customs that are so well settled or widespread that the policymaking officials can be said to have either actual or constructive knowledge of them and yet done nothing to end the practices.   *DSMF ¶¶ 3-6.* Finally, there is no evidence that any policy at Cumberland County caused an interference with Plaintiff's right to care and custody of his children.

The County does have a policy on search warrants.   *DSMF ¶ 14.*   The County also has a Code of Conduct, which, among other things, states that, "No employee shall knowingly falsify

11

any official report or enter or cause to be entered any inaccurate, false, or improper information on records of the Sheriff's Office."   *DSMF ¶ 15, p. 10, § F.*   There is nothing unconstitutional about these policies.

For these reasons, Cumberland County is entitled to summary judgment on Plaintiff's Complaint.

## **CONCLUSION**

For all the foregoing reasons, Defendant Cumberland County asks the Court to enter summary judgment in its favor pursuant to Fed.R.Civ.P. 56 on all counts of Plaintiff's Complaint.

Dated:   September 1, 2017                         /s/   Peter T. Marchesi
                                                  Peter T. Marchesi, Esq.
                                                  Wheeler & Arey, P.A.
                                                  Attorneys for Defendant
                                                  27 Temple Street, P.O. Box 376
                                                  Waterville, ME   04903-0376

12

# UNITED STATES DISTRICT COURT
## District of Maine

| | |
|---|---|
| ANTHONY J. SINENI, III, ESQ., | ) Docket No.   2:16-cv-000520-JAW |
| Plaintiff | ) |
| | ) |
| v. | ) |
| CUMBERLAND COUNTY SHERIFF'S | ) |
| OFFICE, | ) |
| Defendant | ) |
| | ) |
| | ) |

## <u>CERTIFICATE OF SERVICE</u>

I, Peter T. Marchesi, Esq., attorney for the Defendant, hereby certify that:

● Defendant's Motion for Summary Judgment

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Anthony J. Sineni, III, Esq.   (*anthony@sinenilaw.com*)


Dated: September 1, 2017                          /s/   Peter T. Marchesi
                                                  Peter T. Marchesi, Esq.
                                                  Attorney for Defendant
                                                  Wheeler & Arey, P.A.
                                                  27 Temple Street, P.O. Box 376
                                                  Waterville, ME   04903-0376